IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GREATER HOUSTON TRANSPORTATION COMPANY, FIESTA CAB COMPANY, HOUSTON TRANSPORTATION SERVICES, LLC, NATIONAL CAB CO., INC., PASADENA TAXI CO., INC., DAWIT SAHLE, MERSHA AYELE, MOHAMED DIDI, GREATER SAN ANTONIO TRANSPORTATION COMPANY, ENTERPRISE TRANSPORTATION INC. | § § § § § § § § § § § § § § § | CIVIL ACTION NO.: 14-941 |
| v. | | |
| UBER TECHNOLOGIES, INC., and LYFT INC. | | JURY TRIAL DEMANDED |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE THEIR SECOND AMENDED COMPLAINT

Plaintiffs as identified below request leave of court to file an amended Complaint.

### A. INTRODUCTION

1. Plaintiffs are Greater Houston Transportation, Fiesta Cab Company, Houston Transportation Services, LLC, National Cab Co., Inc., Pasadena Taxi Co., Inc., Dawit Sahle, Mersha Ayele, Mohamed Didi, Greater San Antonio Transportation Company and Enterprise Transportation Inc. ("Plaintiffs").

2. Defendants are Uber Technologies, Inc. ("Uber"), and Lyft Inc. ("Lyft"). Uber and Lyft are referred to collectively as "Defendants."

3. Plaintiffs (along with other plaintiffs who have since given notice of the dismissal of their claims without prejudice) sued Defendants under 18 USC § 1961 *et seq.* (Racketeer Influenced and Corrupt Organization Act), 15 U.S.C. § 1125(a)(1)(B) (Lanham Act,

Misrepresentation of Services), tortious interference with actual and prospective business relations, and Texas common law unfair competition.

4. Plaintiffs filed their Original Complaint on April 8, 2014. *See* Dkt. 1. On May 5, 2014 Uber and Lyft each filed separate motions under Federal Rule of Civil Procedure 12(b). *See* Dkt. 29; Dkt. 30. Plaintiffs' filed their First Amended Complaint and Application for Preliminary Injunction and Permanent Injunction on May 12, 2014. Dkt. 39. Uber and Lyft each filed separate motions to dismiss Plaintiffs' First Amended Complaint on July 10, 2014. *See* Dkt. 50; Dkt. 51.

5. Plaintiffs now seek leave to amend their pleading to include new factual information that has only recently become available. This new information provides additional support to Plaintiffs' claims for relief under the Lanham Act, tortious interference with existing and prospective business relations, and Texas common law unfair competition. Specifically, Plaintiffs seek to amend their pleading to include additional misrepresentations regarding the legality and nature of Defendants' vehicle-for-hire operations, as well as the purported relationship between Uber and its drivers. The amendments further document the changes to the Houston Code of Ordinances on August 6, 2014, as well as the Defendants continued misrepresentations as to same. For example, the Defendants continue to represent themselves as ridesharing services even though the Houston code now makes perfectly clear that they are not ridesharing services. The amendment further document discrimination by redlining that was only learned of recently. Finally, the amended pleading further documents the inadequacies of the Defendants' insurance policies, which has changed multiple times over the course of this suit. It would be unjust to prevent the Plaintiffs from amending their claims when the Defendants themselves are one of the reasons necessitating the changes.

6. The amendments will also remove the prior RICO allegations and certainly alter other claims as well. Further, there is a change in parties since the defendant drivers have been removed as well as a number of plaintiffs, primarily the limousine company plaintiffs.

**B. ARGUMENT**

7. Leave to amend a pleading should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Unless the opposing party can show "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment," a court should grant leave to file an amended pleading. *See Foman* at 182.

8. Justice requires that Plaintiffs be allowed to amend their pleading. "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman* at 182. The added facts and allegations relate directly to Plaintiffs existing claims, and as a result, an amendment should be allowed.

9. Granting Plaintiffs leave to amend their pleading will not cause undue delay. *See Foman* at 182. Plaintiffs diligently moved to amend once it became apparent that the amendment was necessary. *See Auster Oil & Gas, Inc. v. Stream*, 764 F.2d 381, 391 (5th Cir. 1985). Plaintiffs notified the Defendants of the intent to amend immediately. This case is still in its infancy as the Defendants have not even yet filed answers to the live complaint and only recently filed their 12(b) motions to dismiss. Though such motions will be mooted by the amended complaint, it is the hope of the Plaintiffs that the changes will reduce the burden on the parties as well as the court by eliminating the RICO claims which so often can be bogged down by complicated legal rhetoric. The only pending hearing set in this matter is the initial

scheduling conference, so discovery deadlines, trial dates and the other time frames normally in place in similar suits have not yet been entered.

10. Plaintiff is not guilty of bad faith. *See Foman* at 182.

11. Plaintiffs have no dilatory motive in seeking leave from the Court to file an amended pleading. *See Foman* at 182.

12. Plaintiffs have not demonstrated a repeated failure to cure deficiencies by amendments previously allowed. *See Foman* at 182. Plaintiffs' first amendment of its pleading was permissible under Rule 15, which allows a party to amend its pleading "once as a matter of course within…21 days after service of a motion under Rule 12(b)." *See* Fed. R. Civ. P. 15(a)(1)(B). Uber and Lyft filed 12(b) motions on May 5, 2014 and Plaintiffs timely amended their complaint under Rule 15. *See* Dkt. 35; Dkt. 29. No rulings on the motions have been made and no deficiencies have been identified by the court for which prior amendments have been authorized.

13. Plaintiffs' amendment to its pleading is not futile.

14. Defendants will not be unduly prejudiced if Plaintiffs are granted leave to amend their pleading. *See Foman* at 182.

15. Plaintiffs file their amended pleading along with this motion, and request that upon the granting of this motion that it be considered as having been filed as of the date of this motion.

## C. CONCLUSION

16. Plaintiffs' amended pleading presents new factual matters that form additional bases for and further support for Plaintiffs' claims. As such, justice requires that Plaintiff's be permitted to amend their pleading. Granting Plaintiffs request for leave to amend their pleading

would present no prejudice, bad faith, or undue delay. For these reasons, Plaintiffs asks the Court to grant leave to file the amended pleading.

                Respectfully submitted,

                **PAGEL, DAVIS & HILL, P.C.**

                _/s/ Martyn B. Hill_
                **MARTYN B. HILL**
                State Bar No. 09647460
                Federal Bar No. 13806
                mbh@pdhlaw.com
                **Michael A. Harris**
                State Bar No. 24046030
                Federal Bar No. 586840
                mah@pdhlaw.com
                1415 Louisiana Street, 22nd Floor
                Houston, Texas 77002
                Telephone:    713-951-0160
                Facsimile:    713-951-0662
                ATTORNEYS FOR PLAINTIFFS

**Of Counsel:**

**Craig A. Washington Sr.**
**The Craig Washington Law Firm**
State Bar No. 20901000
washlawfirm@aol.com
2323 Caroline St.
Houston, Texas 77004
Telephone:  713-659-9090
Facsimile:   713-659-2812

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Plaintiffs has conferred with counsel for Lyft and Uber and learned that they are each opposed to the relief sought herein.
Certified this 12th day of September, 2014.

                                                                 /s/ Michael A. Harris
                                                                 MICHAEL A. HARRIS

## CERTIFICATE OF SERVICE

This is to certify that on the 12th day of September 2014, a true and correct copy of the foregoing was served upon the following via ECF transmission:

Stephen A. Swedlow
Quinn Emanuel Urquhart & Sullivan LLP
500 West Madison Street, Suite 500
Chicago, Illinois 60661
Counsel for Defendant Uber Technologies, Inc.

Barrett H. Reasoner
Gibbs & Bruns LLP
1100 Louisiana, Suite 5300
Houston, Texas 77002
Counsel for Defendant Uber Technologies, Inc.

Danny David
Paul R. Elliott
Amy Pharr Hefley
Caroline Carter
Baker Botts, LLP
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002
Counsel for Defendant Lyft Inc.

                                                                 /s/ Michael A. Harris
                                                                 MICHAEL A. HARRIS